# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

| | |
|---|---|
| Dennell Malone, | Civ. No. 19-835 (WMW/BRT) |
| Petitioner, | |
| v. | **REPORT AND RECOMMENDATION** |
| Warden R. Marques, | |
| Respondent. | |

Dennell Malone, Reg. No. 06671-041, FCI Sandstone, PO Box 1000 Sandstone, MN 55072, *pro se* Petitioner.

Ana H. Voss, Esq., Ann M. Bildtsen, Esq., and Erin M. Secord, Esq., Assistant United States Attorneys, counsel for Respondents.

BECKY R. THORSON, United States Magistrate Judge.

## BACKGROUND

This matter comes before the Court on Petitioner Dennell Malone's Petition for a Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. No. 1, Pet.; *see also* Doc. No. 2, Mem. in Supp. re Pet. for Writ of Habeas Corpus ("Mem.").)

Malone was incarcerated at the Federal Correctional Institution ("FCI") in Sandstone, Minnesota, but has since been transferred to a Residential Reentry Center in Minneapolis, Minnesota. (*See* Doc. No. 13, Second Decl. of Shannon Boldt ¶¶ 4, 7, Ex. C.) He was convicted of: (1) Use of and Conspiracy to Engage in Interstate Travel in the Commission of Murder-for-Hire, in violation of 18 U.S.C. §§ 1958(a) and 371; (2)

Aiding and Abetting, Attempted Possession, and Conspiracy to Manufacture, Distribute, Possess, with Intent to Distribute Cocaine Base, in violation of 21 U.S.C. §§ 841(a)(1), 846, and 18 U.S.C. § 2; (3) Employment or Use of Persons Under 18 Years of Age in Drug Trafficking, in violation of 21 U.S.C. § 861(a)(1); (4) Obtaining Cellular Telephone Service by Fraud, in violation of 18 U.S.C. § 1029(a)(1); and (5) Use of Firearm in Connection with a Crime of Violence, in violation of 18 U.S.C. §§ 924(c)(1) and 2. (*See* Doc. No. 9, Decl. of Shannon Boldt 2–3.) On June 12, 1995, Malone was sentenced to a life term of imprisonment. (*Id.* at 2.) He was resentenced pursuant to amendments to the U.S. Sentencing Guidelines to an aggregated 352-month term of imprisonment, followed by an aggregated 10-year term of supervision. (*Id.* at 3.)

The Petition asserts that Malone merits an earlier release date because of certain statutory amendments within the First Step Act of 2018 ("FSA") – specifically, amendments to 18 U.S.C. § 3624(b)(1). (*See* Pet. 3–4, 7–9; Mem. 7–14); *see also* FSA § 102(b)(1)(A), § 3624(b)(1), Pub. L. No. 115–391, 132 Stat. 5194, 5210. The FSA was approved on December 21, 2018, but its relevant portion was to go into effect "beginning on the date that the Attorney General completes and releases the risk and needs assessment system under subchapter D of chapter 229 of title 18, United States Code, as added by section 101(a) of this Act." FSA § 102(b)(2), 132 Stat. at 5213. This "risk and needs assessment system" is codified into law at 18 U.S.C. §§ 3631–35, and § 3632(a) set the Attorney General's deadline for developing the system as "[n]ot later than 210 days after the enactment of this subchapter." As the relevant subchapter was enacted on

December 21, 2018, the resulting deadline—and the date on which the new version of § 3624(b)(1) goes into effect—was July 19, 2019.

On July 19, 2019, the Court issued an Order (Doc. No. 11) directing Respondent to (1) update the Court concerning Malone's anticipated release date in light of the FSA amendments; (2) provide an explanation of how that calculation was made; and (3) indicate whether or not this release date remained unchanged from the date on which Malone filed his petition for a writ of habeas corpus. On July 26, 2019, Respondent informed the Court that the Bureau of Prisons ("BOP") updated Malone's sentence computation under § 3624(b)(1), as amended by the FSA, on June 11, 2019. (Doc. No. 12, Supp. Resp. 4; Second Decl. of Shannon Boldt ¶ 6, Ex. A.) Malone's current sentence computation indicated that he would earn 1,584 days of good-credit time ("GCT"), resulting in a new projected release date of September 2, 2019.[1] (Supp. Resp. 3; Second Decl. of Shannon Boldt ¶ 6, Ex. A.)

Malone departed FCI Sandstone on June 24, 2019, and is currently confined at a Residential Reentry Center under the supervision of the Residential Reentry Manager's Office. (Supp. Resp. 4, Second Decl. of Shannon Boldt ¶¶ 4, 7, Ex. C.) Respondent observes that because "Malone has received the relief requested in the petition," the Court no longer enjoys subject-matter jurisdiction over the Petition. (Supp. Resp. 4–7.) Consequently, Respondent urges the Court to dismiss the Petition as moot. (*Id.*)

---

[1] This represents an increase in Malone's projected GCT, and an earlier projected release date. At the time Malone filed the Petition, he had a projected release date of March 24, 2020. (Decl. of Shannon Boldt ¶ 5, Ex. B.)

## ANALYSIS

This Court now lacks subject-matter jurisdiction over Malone's habeas petition. Article III of the U.S. Constitution "limits the jurisdiction of the federal courts to actual, ongoing cases and controversies." *Ali v. Cangemi*, 419 F.3d 722, 723 (8th Cir. 2005) (en banc) (quotation omitted). If, during the course of litigation, "the issues presented in a case lose their life because of the passage of time or a change in circumstances and a federal court can no longer grant effective relief, the case is considered moot," and must be dismissed. *Id.* at 723–24 (quotation and ellipsis omitted); *see also In re Grand Jury Subpoenas Duces Tecum*, 78 F.3d 1307, 1310 (8th Cir. 1996) ("[F]ederal courts have no authority to render decisions upon moot questions . . . . [I]f during the pendency of [a case], an event occurs which destroys the court's ability to render the prevailing party any effectual relief whatever, the [case] must be dismissed as moot.") (quotation and citation omitted).

Here, Malone's Petition requested that the Court order the BOP to recalculate his GCT credits to take account of the FSA's amendment of § 3624(b)(1). The BOP has now done so. (*See* Second Decl. of Shannon Boldt ¶ 6, Ex. A.) Thus, this case has become moot because the Court can no longer grant effective relief, Malone having already received the relief he sought in the Petition. *See Ali*, 419 F.2d at 724.

## RECOMMENDATION

Based on the above, and on all the records and proceedings herein,

**IT IS HEREBY RECOMMENDED** that:

    1.    Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241

4

(Doc. No. 1) be **DENIED AS MOOT**;

    2.     This action be **DISMISSED WITHOUT PREJUDICE**; and

    3.     Judgment be entered accordingly.

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals. Under Local Rule 72.2(b)(1), a party may file and serve specific written objections to this Report within **fourteen days**. A party may respond to those objections within **fourteen days** after service thereof. LR 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in LR 72.2(c).

Dated: August 19, 2019                    *s/ Becky R. Thorson*
                                            BECKY R. THORSON
                                            United States Magistrate Judge